IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEEANN HANEY,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civ. No. 08-378-AA

OPINION AND ORDER

Merrill Schneider
Schneider Law Offices
P.O. Box 16310
Portland, Oregon 97292-0310
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David R. Johnson
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

1   - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying in part plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## BACKGROUND

On January 27, 2004, plaintiff protectively filed applications for DIB and SSI, alleging disability since October 17, 2002 due to a ruptured disc, diabetic neuropathy, asthma, and chronic obstructive pulmonary disease (COPD). Tr. 52-55, 103, 395-96. Plaintiff's date last insured for DIB purposes was September 30, 2004. Tr. 14B, 16.

Plaintiff's applications were denied initially and on reconsideration. Tr. 32-35, 37-39, 392-94. After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on February 13, 2007. Tr. 403-35. On March 13, 2007, the ALJ issued a decision finding that plaintiff was able to perform her past relevant work through December 31, 2005. The ALJ also found that as of January 1, 2006 plaintiff's condition had worsened so that she could not perform either her past work or other work existing

2   - OPINION AND ORDER

in the national economy. Tr. 14B-24. Accordingly, the ALJ found plaintiff disabled as of January 1, 2006. Tr. 24. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 5-8. Plaintiff now seeks judicial review.

Plaintiff was forty-two years old as of January 1, 2006, with a high-school equivalent education and two years of college coursework. Tr. 109. Plaintiff has past relevant work as a customer service representative, hairdresser, temporary laborer, and hotel maid. Tr. 112, 432. Plaintiff claims that the ALJ erred in assessing the onset date of her disability.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.

3   - OPINION AND ORDER

Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 16; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff has "severe" impairments of diabetes mellitus with neuropathy, degenerative disc disease, obesity, and asthma or COPD, but that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 16-18; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of sedentary work through December 31, 2005. Tr. 18. Specifically,

4   - OPINION AND ORDER

the ALJ found that plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently and stand and walk for two hours and sit for six hours in an eight-hour work day. Tr. 18. The ALJ also found that plaintiff could occasionally push or pull with her lower extremities and frequently balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. Tr. 18. The ALJ also found that plaintiff could not climb ropes, ladders or scaffolding, or be exposed to air irritants, poor ventilation, extreme temperatures, machinery hazards, or heights. Tr. 18.

As of January 1, 2006, that ALJ found that plaintiff's ability to perform sedentary had become more limited, in that plaintiff could lift and carry less than ten pounds occasionally and stand or walk less than two hours and sit less than six hours in an eight-hour work day. Tr. 21. The ALJ also found that plaintiff could never climb, balance, kneel, crouch or crawl and could only occasionally engage in reaching and handling. Tr. 21.

Based on these RFC findings, the ALJ found that plaintiff could perform her past relevant work as a customer service representative through December 31, 2005, but that plaintiff's RFC precluded her from performing past relevant work as of January 1, 2006. Tr. 22; 20 C.F.R. § 404.1520(e); 416.920(e).

The ALJ proceeded to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national

5    - OPINION AND ORDER

economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(f). Relying on the testimony of the vocational expert, the ALJ found that as of January 1, 2006, plaintiff was unable to perform other jobs existing in the national economy. Tr. 23, 433-34.

Accordingly, for purposes of DIB, the ALJ found plaintiff not disabled within the meaning of the Act at any time through September 30, 2004, her date last insured. Tr. 24. For purposes of SSI, the ALJ found plaintiff disabled as of January 1, 2006. Tr. 24.

## DISCUSSION

Plaintiff argues that the ALJ erred by finding her subjective complaints of pain not credible and by rejecting the opinion of two treating physicians and the lay witness statements of her sister, Rhonda Stokes. Plaintiff argues that if these opinions and statements are credited as true, the Commissioner's decision should be reversed and remanded for payment of DIB and SSI benefits based on her alleged disability onset date of October 17, 2002. Alternatively, plaintiff asserts that the decision should be reversed and remanded for further administrative proceedings to obtain the testimony of a medical expert regarding plaintiff's onset date of disability. I agree that further administrative proceedings are appropriate.

The Commissioner does not dispute the ALJ's finding that plaintiff became disabled under the Act as of January 1, 2006.

Thus, the sole issue in this case is not whether plaintiff is disabled but when her impairments became disabling. Plaintiff's onset date of disability is critical given that September 30, 2004 is plaintiff's date last insured for purposes of DIB eligibility.

The ALJ determined an onset date of January 1, 2006, finding that plaintiff's condition had worsened due to her uncontrolled diabetes mellitus, renewed complaints of fatigue, lower back pain, and edema, and regular treatments for foot lesions and ulcerations. In so finding, the ALJ rejected plaintiff's allegations and the opinions of two treating physician's assessing disability as of September 1, 2004, finding that the medical record did not support a period of disability during that time.

Plaintiff argues that the ALJ's onset date is not supported by substantial evidence, because the record reflects plaintiff's continuing and severe problems with neuropathy, foot lesions and ulcerations, COPD, and low back pain prior to January 1, 2006. Plaintiff emphasizes that the medical record does not reflect a definite change in plaintiff's functional capabilities after January 1, 2006, and that the ALJ thus inferred disability from the medical evidence. Plaintiff argues that the ALJ committed legal err by making medical inferences regarding disability and failing to obtain the assistance of a medical expert in determining onset as required by Social Security Ruling (SSR) 83-20. The Commissioner argues that the record supports the ALJ's findings.

7    - OPINION AND ORDER

SSR 83-20 provides, in pertinent part:

> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

The Ninth Circuit has "explained this ruling to mean that '[i]n the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'" Sam v. Astrue, 550 F.3d 808, 810 (9th Cir., 2008) (quoting DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991)); see also Armstrong v. Comm'r of Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998) (accord); Morgan v. Sullivan, 945 F.2d 1079 (9th Cir. 1991) (reversing ALJ's determination of onset date made without the assistance of a medical expert).[1]

---

[1] The Commissioner maintains that under its plain language, SSR 83-20 applies only when the claimant alleges onset of disability prior to the "first recorded medical examination." The Commissioner argues that because plaintiff sought and received medical treatment prior to her alleged onset date of October 17, 2002, SSR 83-20 does not apply here. I disagree. Cases applying SSR 83-20 have not limited its application to circumstances alleging onset prior to medical treatment. See Sam, 550 F.3d at 810-11; Armstrong, 160 F.3d at 590 ("Armstrong suffered with increasing back pain and deteriorating hearing for over thirty years."); Morgan v. Sullivan, 945 F.2d at 1082 (indications of prior disability included counseling and hospital emergency visits). Moreover, the purpose of SSR 83-20 is to ensure that the record is fully developed when medical evidence does not reflect a "definite" onset date.

Here, I find that the medical evidence is not "definite concerning the onset date" and that medical inferences are required, thus necessitating the assistance of a medical expert. Sam, 550 F.3d at 810.

Importantly, no physician rendered an opinion regarding a change in plaintiff's limitations or ability to perform work activity after January 1, 2006. Thus, in determining the onset date of disability, the ALJ inferred that plaintiff's condition worsened to the point of disability as of January 1, 2006 based on her uncontrolled diabetes, weight gain, and complaints of pain and fatigue.

While the medical record reflects a worsening of plaintiff's diabetes mellitus after January 2006, the record also reflects ongoing medical problems prior to January 2006. For example, in May and June of 2004, it was noted that plaintiff had "significant symptoms of neuropathy," decreased sensation in her feet and lower legs, painful lesions on her foot, and edema in her ankles. Tr. 305-06, 315, 318, 337, 341. In August 2004, plaintiff received follow-up treatment for her foot lesions, and again "heavy hyperkeratotic buildup with intralesional bleeding and deep maceration" were noted. Tr. 336. Also in August 2004, Dr. McGowan expressed concern about severe foot ulcerations and instructed plaintiff to "elevate her legs full time with her shoes off. Must do everything we can to avoid any kind of pressure on that area."

9  - OPINION AND ORDER

Tr. 346. In December 2004, plaintiff reported worsening foot pain to Dr. McGowan. Tr. 348. In March and June 2005, Dr. McGowan reported "severe problems with neuropathic pain" and "considerable discomfort" in plaintiff's legs. Tr. 350, 352. In October 2005, plaintiff was diagnosed with "[m]arked degenerative disc disease" resulting in "moderate to severe spinal stenosis." Tr. 382. In December 2005, plaintiff saw Dr. Sampson for a "diabetic foot check," where painful ulcers and lesions were noted. Tr. 335.

Thus, "[e]xactly when [plaintiff]'s various impairments became disabling is unclear. Therefore, the ALJ was required to call a medical expert to aide in determining the date of onset." Armstrong, 160 F.3d at 590. Instead, the ALJ inferred an onset date based on plaintiff's condition after January 1, 2006. Such an inference, however, was not appropriate absent the assistance of a medical expert. SSR 83-20; Armstrong, 160 F.3d at 590 ("Rather than just inferring an onset date, which would deny a claimant benefits, SSR 83-20 requires that the ALJ create a record which forms a basis for that onset date."); Morgan v. Sullivan, 945 F.2d at 1082-83; DeLorme, 924 F.2d at 848-49.

The ALJ's determination of onset is further complicated by the fact that Dr. McGowan, a treating physician, and Dr. Sampson, a treating podiatrist, opined that plaintiff's disabling impairments existed as of September 2004. The medical opinion of a claimant's treating physician is entitled to "special weight" because "he is

employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989) (citation omitted). The ALJ disregarded these opinions because they were in the form of checked boxes and did not cite supporting reasons or evidence. While it is true that an ALJ may disregard a medical opinion "if that opinion is brief, conclusory, and inadequately supported by clinical findings," Thomas, 278 F.3d at 957, the ALJ did not entirely disregard the opinions of Drs. McGowan and Sampson and the medical record is not devoid of evidence supporting their opinions.

Given the opinions of Drs. McGowan and Sampson along with the numerous reported symptoms associated with plaintiff's severe impairments, most notably neuropathy, I cannot find that the medical record establishes a "definite" onset date of disability. Accordingly, the onset date of plaintiff's disability must be determined with the assistance of a medical expert, and remand for further proceedings is required.

On remand, the ALJ also must reevaluate the testimony of plaintiff and the lay witness statements of her sister in determining the onset date of disability.

Plaintiff contends that the ALJ failed to follow the controlling standard for evaluating credibility, because the primary reason cited by the ALJ in rejecting plaintiff's testimony was the lack of supporting medical evidence. Smolen v. Chater, 80

11 - OPINION AND ORDER

F.3d 1273, 1284 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). The ALJ also noted that plaintiff did not comply with her physician's recommendation to stop smoking.

Plaintiff is correct that an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence. However, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999). Here, the medical record is not necessarily inconsistent with plaintiff's testimony, given plaintiff's numerous symptoms associated with diabetes neuropathy, including edema in her ankles and legs and ulcerations and lesions on her feet prior to January 1, 2006. Further, it is unclear how plaintiff's smoking affected her many impairments, including her symptoms of neuropathy.

The lay witness statements of plaintiff's sister, Rhonda Stokes, also require reconsideration when assessing plaintiff's onset date. An ALJ must consider the statements of family and friends and can reject the testimony of lay witnesses only by providing reasons germane to each witness. Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001). Here, the ALJ stated that he had reviewed Stokes' May 2004 statements and found them consistent with his RFC assessment prior to January 1, 2006. Tr. 21. I disagree.

Like plaintiff, Stokes attested to ongoing pain in plaintiff's feet and legs and stated that standing or sitting for prolonged

periods of time exacerbated plaintiff's pain. Tr. 150-55. Stokes also described plaintiff's problems with balance, strength, mobility, and increased incontinence. Stokes stated that plaintiff required assistance going up and down stairs and walking on uneven ground, and that activities involving balance, such as squatting, kneeling, bending or reaching, were "nearly impossible" for plaintiff to perform. Tr. 151, 153-55. Stokes concluded by indicating that plaintiff has deformed and misshapen toenails, what appears to be a breakdown in the structure of her feet, and requires extended healing times for any injuries to her feet. Tr. 157.

Contrary to the ALJ's finding, Stokes' statements are inconsistent with an RFC assessment that includes standing or walking for two hours and sitting for six hours in an eight-hour workday, occasional pushing or pulling with lower extremities, and frequent balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs. Tr. 18. Notably, the ALJ did not find that Stokes' statements were inconsistent with the medical record or otherwise lacked credibility. In fact, Stokes' observations are consistent with the limitations noted by Drs. McGowan and Sampson. Therefore, Stokes' statements and observations must be reevaluated when assessing plaintiff's onset date. Armstrong, 160 F.3d at 590 (to create a record to support onset date, the ALJ may review lay testimony of family, friends, or former employers).

13   - OPINION AND ORDER

## CONCLUSION

The ALJ's finding that plaintiff was not disabled within the meaning of the Act prior to January 1, 2006 is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings as set forth in this opinion.

IT IS SO ORDERED.

Dated this _13_ day of May, 2009.

_____
Ann Aiken
United States District Judge

14  - OPINION AND ORDER